UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE:

William Franklin Blankenship
Deborah Mays Blankenship
617B 3rd Avenue South
North Myrtle Beach, SC 29582
SSN xxx-xx-4665
SSN xxx-xx-3719
     DEBTORS.

CASE NO:

CHAPTER 13

## NOTICE OF OPPORTUNITY TO OBJECT

The debtor(s) in the above captioned case filed a chapter 13 plan on 4/12/19. The plan is included with this notice or was mailed separately.

**Your rights may be affected by the plan.** You should read the plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

Any objection to confirmation of the chapter 13 plan must be in writing filed with the Court at 1100 Laurel Street, Columbia, SC 29201-2423 and served on the chapter 13 trustee, the debtor(s), and any attorney for the debtor(s) no later than 21 days after the service of the chapter 13 plan, as computed under Fed. R. Bankr. P. 9006(a). Objections to confirmation may be overruled if filed late or the objecting party fails to appear and prosecute the objection. If no objection is timely filed, the plan may be confirmed by the Court without further notice.

If you file an objection, you or your attorney must attend the hearing scheduled by the court on confirmation of the plan. Notice of the confirmation hearing is provided in section 9 of the Notice of Chapter 13 Bankruptcy Case. However, the Court may set an earlier status hearing on any objection upon notice to the applicable parties.

If you or your attorney do not take these steps, the court may determine that you do not oppose the terms or relief sought in the plan and may enter an order confirming the plan.

Date: 4/12/19

Robert R. Meredith, Jr., D.C. ID #6152
Elizabeth R. Heilig, D.C. ID #10704
Meredith Law Firm, LLC
Attorneys for Debtors
2411 North Oak Street, Suite 107
Myrtle Beach, SC 29577
843-445-6300

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **William Franklin Blankenship** | |
| | First Name   Middle Name   Last Name | |
| Debtor 2 | **Deborah Mays Blankenship** | |
| (Spouse, if filing) | First Name   Middle Name   Last Name | |
| United States Bankruptcy Court for the: | DISTRICT OF SOUTH CAROLINA | |
| Case number: (If known) | | |

☐ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☐ Pre-confirmation modification
☐ Post-confirmation modification

District of South Carolina
## Chapter 13 Plan                                                                                              12/17

### Part 1:   Notices

**To Debtor(s):**  This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

**To Creditors:**  Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☑ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☐ Included | ☑ Not Included |

### Part 2:   Plan Payments and Length of Plan

**2.1**     The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

**$500.00** per **Month** for **3** months
**$650.00** per **Month** for **39** months

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2**     **Regular payments to the trustee will be made from future income in the following manner:**

☐ The debtor will make payments pursuant to a payroll deduction order.
☑ The debtor will make payments directly to the trustee.
☐ Other (specify method of payment):

| Debtor | **William Franklin Blankenship** | Case number |
|---|---|---|
| | **Deborah Mays Blankenship** | |

### 2.3 Income tax refunds.

- ☑ The debtor will retain any income tax refunds received during the plan term.
- ☐ The debtor will treat income refunds as follows:

### 2.4 Additional payments.

- ☑ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

## Part 3: Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1 Maintenance of payments and cure or waiver of default, if any.**

- ☑ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

**3.2 Request for valuation of security and modification of undersecured claims.**

- ☐ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.
  *The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

- ☑ The debtor requests that the Court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor states that the value of the secured claim should be as set out in the column headed Estimated amount of secured claim. For secured claims of governmental units, unless otherwise ordered by the Court after motion or claims objection filed after the governmental unit files its proof of claim or after the time for filing one has expired, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

    The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5.1 of this plan. If the estimated amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5.1 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

    Unless 11 U.S.C. § 1325(a)(5)(A) or (C) applies, holders of secured claims shall retain liens to the extent provided by section 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Estimated amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| Mariner Finance | $9,033.07 | 2008 Nissan Sentra | $4,300.00 | $0.00 | $4,300.00 | 6.00% | $100.00 (or more) |

Debtor  William Franklin Blankenship  
Deborah Mays Blankenship                                   Case number

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Estimated amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| Schewel Furniture Company | $1,667.18 | Furniture | $500.00 | $0.00 | $500.00 | 6.00% | $16.00 (or more) |
| Springleaf Financial Services | $6,691.67 | 2010 Ford Fusion | $6,000.00 | $0.00 | $6,000.00 | 6.00% | $100.00 (or more) |

3.3   Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.

☑  **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

3.4   **Lien avoidance.**

☐  **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked**

☑  The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. *See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.*

*Choose the appropriate form for lien avoidance*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| OneMain Financial Household Items | $6,557.41 | $0.00 | $500.00 SC Code Section 15-41-30 (A)(3) | $500.00 | $0.00 | $6,557.41 |

*Use this for avoidance of liens on co-owned property only.*

| Name of creditor and description of property securing lien | Total equity (value of debtor's property less senior/unavoidable liens) | Debtor's equity (Total equity multiplied by debtor's proportional interest in property) | Applicable Exemption and Code Section | Non-exempt equity (Debtor's equity less exemption) | Estimated lien | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

| Debtor | William Franklin Blankenship | Case number |
|---|---|---|
| | Deborah Mays Blankenship | |

**3.5    Surrender of collateral.**

☑    None. If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

## Part 4:    Treatment of Fees and Priority Claims

**4.1    General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3    Attorney's fees.**

a.    The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

b.    If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $**N/A** and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $**N/A** or less.

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

☐    The debtor is unaware of any priority claims at this time. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

☐    **Domestic Support Claims**. 11 U.S.C. § 507(a)(1):

   a.    Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. Add additional creditors as needed.

   b.    The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

   c.    Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

☑    **Other Priority debt.** The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a pro rata basis. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

**4.5    Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

☑    None. If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

| Debtor | William Franklin Blankenship | Case number |
|---|---|---|
| | Deborah Mays Blankenship | |

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1** **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

- [✓] The debtor estimates payments of less than 100% of claims.
- [ ] The debtor proposes payment of 100% of claims.
- [ ] The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2** **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

- [✓] **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3** **Other separately classified nonpriority unsecured claims.**

- [✓] **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

### Part 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

- [ ] **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.
- [✓] **Assumed items.** Current installment payments will be disbursed directly by the debtor, as specified below, subject to any contrary court order or rule. Prepetition arrearage payments will be disbursed by the trustee unless otherwise ordered.

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Estimated amount of arrearage through month of filing or conversion | Estimated monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|---|---|
| NPRTO South-East, LLC | Furniture | $153.67 | $0.00 | $0.00 |

(or more)

### Part 7: Vesting of Property of the Estate

**7.1** Property of the estate will vest in the debtor as stated below:

- [✓] Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

- [ ] **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

### Part 8: Nonstandard Plan Provisions

**8.1** **Check "None" or List Nonstandard Plan Provisions**

- [ ] **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.***

District of South Carolina

| Effective December 1, 2017 | Chapter 13 Plan | Page 5 |
|---|---|---|

| Debtor | William Franklin Blankenship Deborah Mays Blankenship | Case number |
|---|---|---|

8.1(a) Part 1 of this chapter 13 form plan indicates that all objections to the confirmation of the plan must be filed no later than 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. In Operating Order 18-4, Judge Waites has otherwise ordered that all objections to the confirmation of a chapter 13 plan in cases before him shall be filed with the Court no later than 21 days after the date of service of the plan. <u>Therefore, all objections to the confirmation of this chapter 13 plan must be filed with the Court no later than 21 days after the date of service of this plan.</u>

8.1(b) Confirmation of this plan does not bar a party in interest from any actions discovered from the documentation, or lack thereof, in a proof of claim. The debtor specifically reserves any currently undiscovered or future claims, rights or cause of action the debtor may have, regarding any issues not specifically addressed or determined by the plan, against any creditor or other party in interest including, but not limited to, violations of applicable consumer protections codes and actions under 11 U.S.C. §§ 542, 543, 544, 547 and 548.

8.1(c) Confirmation of this plan may determine the character (secured, unsecured, or priority), amount, and timing of distribution of a creditor's claim regardless of the proof of claim filed. If a creditor objects to a claim's treatment under the plan, the creditor must timely object to confirmation.

### 8.1(d) DEBTOR CERTIFICATION

In connection with this plan, the debtor hereby states that he/she/they carefully reviewed this plan and understand the following:

(1) The obligations set forth in this plan, including the amount, method, and timing of payments made to the trustee and/or directly to creditors;

(2) The consequences of any default under this plan including any direct payments to creditors required by the terms of this plan; and

(3) That debtor may not agree to sell property, employ professionals, or incur debt (including modification of debt) during the term of the plan without the prior authorization of the Bankruptcy Court.

### Part 9: Signatures:

**9.1    Signatures of debtor and debtor attorney**

X /s/ William Franklin Blankenship
William Franklin Blankenship
Executed on    4/11/19

X /s/ Deborah Mays Blankenship
Deborah Mays Blankenship
Executed on    4/11/19
Date    4/11/19

X /s/
Robert R. Meredith, Jr., D.C. ID#06152
Elizabeth R. Heilig, D.C. ID#10704
Meredith Law Firm, LLC
2411 North Oak Street, Suite 107
Myrtle Beach, SC 29577
843-445-6300 (p)
843-445-6304 (f)

By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE:                                )
                                      )
William Franklin Blankenship          )    CASE NO:
Deborah Mays Blankenship              )
617B 3rd Avenue South                 )    CHAPTER 13
North Myrtle Beach, SC 29582          )
SSN xxx-xx-4665                       )
SSN xxx-xx-3719                       )
         DEBTORS.                     )
                                      )

## CERTIFICATE OF SERVICE

The above-signing parties certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date. The specific list of names and addresses of parties served with this plan is attached to the plan filed with the Court.

**VIA US MAIL**
(see attached list)

**ELECTRONICALLY**
James M. Wyman, Esquire
Chapter 13 Trustee
PO Box 997
Mt. Pleasant, SC 29465-0997

Date: 4/12/19

Kristi Keen, Paralegal to
Robert R. Meredith, Jr., D.C. I.D. #06152
Elizabeth R. Heilig, D.C. I.D. #10704
Meredith Law Firm, LLC
Attorneys for Debtors
2411 North Oak Street, Suite 107
Myrtle Beach, SC 29577
843-445-6300

```
Label Matrix for local noticing          Big P Docs Image                          Deborah Mays Blankenship
0420-2                                   P.O. Box 704                              617B 3rd Avenue South
Case 19-02063-jw                         Watersmeet MI 49969-0704                  North Myrtle Beach, SC 29582-3257
District of South Carolina
Charleston
Thu Apr 11 16:39:43 EDT 2019

William Franklin Blankenship             Capital One Bank                          Cash Net USA
617B 3rd Avenue South                    PO Box 30285                              175 W. Jackson Blvd
North Myrtle Beach, SC 29582-3257        Salt Lake City UT 84130-0285              Suite 1000
                                                                                   Chicago IL 60604-2863


Centra Health                            Comenity Bank/Wayfair                     Credit First, NA
c/o Creditors Bankruptcy Services        PO Box 182125                             PO Box 81315
PO Box 800849                            Columbus OH 43218-2125                    Cleveland OH 44181-0315
Dallas TX 75380-0849


Discover Card                            Elizabeth R Heilig                        Internal Revenue Service
PO Box 30421                             Meredith Law Firm, LLC                    Centralized Insolvency Operations
Salt Lake City UT 84130-0421             2411 N. Oak Street                        PO Box 7346
                                         Suite 107                                 Philadelphia PA 19101-7346
                                         Myrtle Beach, SC 29577-3165


LVNV Funding, LLC                        Mariner Finance                           Medical Revenue Service
PO Box 10497                             8211 Town Center Drive                    PO Box 1940
Greenville SC 29603-0497                 Nottingham MD 21236-5904                  Melbourne FL 32902-1940


NPRTO South-East, LLC                    Navient                                   OneMain Financial
256 W Data Drive                         PO Box 9500                               Attn: Bankruptcy
#100                                     Wilkes Barre PA 18773-9500                601 NW 2nd Street
Draper UT 84020-2315                                                               Evansville IN 47708-1013


(p)PORTFOLIO RECOVERY ASSOCIATES LLC     Quantum3 Group, LLC                       Radiology Consultants of Lynchburg, Inc.
PO BOX 41067                             PO Box 788                                PO Box 580085
NORFOLK VA 23541-1067                    Kirkland WA 98083-0788                    Charlotte NC 28258-0085


Schewel Furniture Company                South Carolina Department of Revenue      (p)SPRINGLEAF FINANCIAL SERVICES
PO Box 6120                              PO Box 12265                              P O BOX 3251
Lynchburg VA 24505-6120                  Columbia SC 29211-2265                    EVANSVILLE IN 47731-3251


Stephen E. Dunn, Esq.                    US Trustee's Office                       Virginia Department of Taxation
201 Enterprise Drive, Suite A            Strom Thurmond Federal Building           PO Box 2156
Forest VA 24551-2778                     1835 Assembly Street                      Richmond VA 23218-2156
                                         Suite 953
                                         Columbia, SC 29201-2448


Wise Loan                                James M. Wyman
3500 Hulen Street, Suite 201             PO Box 997
Fort Worth TX 76107-6812                 Mount Pleasant, SC 29465-0997
```